UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

MONICA FERNANDA CASTANO ARANA
*as next friend of*
LEANNDER ALEXIS ALFONZO LOPEZ,

    Petitioner,

v.

WARDEN, EDEN DETENTION CENTER,[1]

    Respondent.

No. 6:26-CV-00015-H

### NOTICE OF DEFICIENCY AND ORDER

Monica Fernanda Castano Arana, a third-party, non-lawyer individual, filed a petition for writ of habeas corpus on behalf of her husband Leannder Alexis Alfonzo Lopez, challenging his detention in the Eden Detention Center pending immigration proceedings. Dkt. No. 1. She paid the filing fee. She also filed a motion seeking expedited consideration of this petition and Lopez's immediate release. Dkt. No. 2.

Lopez did not sign the petition. Dkt. No. 1. Nor is there any indication that he consented to, or even knows about, the filing of this case. As explained below, this case cannot proceed as filed, but the Court will give Lopez an opportunity to pursue his claims on his own behalf.

---

[1] Arana named Merrick B. Garland, the former Attorney General of the United States, as the respondent. Dkt. No. 1. The Clerk is directed to change the caption to reflect that the Warden of the Eden Detention Center is the only proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). All other named respondents will be terminated from this civil action.

1.  **Legal Authority**

Non-attorney individuals may not use the next-friend device as a pretense for the unauthorized practice of law. *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978). And detainees are not entitled to legal representation by a lay person. *Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989).

The federal habeas statutes provide a limited avenue for next-friend standing, but it is "by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) (discussing 28 U.S.C. § 2242). The burden is on the purported next friend to justify his or her participation in the action. *Id.* at 164. And courts consistently require evidence of "at least two firmly rooted prerequisites"—(1) an adequate explanation for why the real party in interest cannot appear on his or her own behalf, such as inaccessibility, mental incompetence, or other disability, and (2) true dedication to the best interests of the real party in interest, which may require a "significant relationship" between the purported next friend and the subject of the petition. *Id.*

Additionally, the Court notes that in narrow circumstances, "jailhouse lawyers" are permitted to help fellow prisoners file habeas petitions. *Johnson v. Avery*, 393 U.S. 483, 484 (1969); *Thomas v. Estelle*, 603 F.2d 488, 489 (5th Cir. 1979). But jailhouse lawyers are *not* actually lawyers, and they are not afforded special privileges like attorney-client privilege. *Bonacci*, 868 F.2d at 1443. Moreover, the rights of access-to-courts and assistance from a jailhouse lawyer belong solely to the person in need of legal services, not to the jailhouse lawyer. *See Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996). Finally, a jailhouse lawyer cannot bring a claim on behalf of another inmate who is capable of bringing such a claim in his own name. *See Johnson*, 393 U.S. at 490.

2. Analysis

Here, Arana is not a lawyer—or even a jailhouse lawyer—and she has no authority to file legal claims on behalf of other individuals. She has not demonstrated that Lopez is incapable of appearing on his own behalf. She asserts in conclusory fashion that Lopez suffers from severe anxiety, depression, and insomnia, and that continued detention causes irreparable family separation harm. *See* Dkt. No. 1 at 2. But she provides no details and stops short of suggesting that Lopez is incompetent or suffers from any other disability or incapacity. Moreover, she provided no evidence to support her statements. And although the Court trusts that Arana is attempting to act in the best interests of Lopez, her relationship as his spouse alone does not entitle her to next-friend status. *See, e.g., State of Texas v. Prek on behalf of Prek*, No. 4:17-CV-865-O, 2017 WL 6766187, at *1 (N.D. Tex. Oct. 30, 2017) (finding that a wife who sought to proceed as next friend on behalf of her husband did not meet her burden for next friend status when the wife did not provide any documentary evidence of her husband's alleged mental and physical disabilities); *United States v. Barrandey*, MO:11-CR-00048(2)-RAJ, 2015 WL 13387868, at *5 (W.D. Tex. May 6, 2015) (explaining that "[c]ourts in this circuit have uniformly denied next friend status to friends and family members of incarcerated persons whenever the prospective next friends have failed to produce evidence clearly demonstrating the prisoners' incompetence" and finding that "where, as here, a prospective next friend does not even allege that the prisoner in question is incompetent, the prospective next friend has clearly failed to meet his burden under *Whitmore*") (citing authorities); *Romanov on behalf of Romanova v. Frink*, No. CV H-25-3133, 2025 WL 2162290, at *3 (S.D. Tex. July 30, 2025) (finding that a son could not file a habeas petition as next friend of his mother, who was detained by immigration authorities, absent supporting evidence of her incapacity).

Additionally, the requirements of Federal Rule of Civil Procedure 11, related to signing pleadings and making representations to the Court, apply here. And public access is limited in proceedings like this one that relate to immigration detention. Fed. R. Civ. P. 5.2(c). Lopez did not sign the petition, nor is there any suggestion that he is even aware of it. Simply put, Arana has not demonstrated that she is entitled to file a habeas petition on behalf of Lopez, nor does she have a right to remotely access information about this proceeding.[2] But Lopez has the right to pursue habeas relief on his own behalf or with the assistance of a licensed attorney.

3. **Conclusion and Instructions**

The Clerk is directed to change the caption of this case to reflect that the only proper petitioner is Leannder Alexis Alfonzo Lopez, who is proceeding pro se. Monica Fernanda Castano Arana will be removed as a party to the case. However, the case cannot proceed without any suggestion of interest from Lopez.

As a result, if Petitioner Lopez wishes to pursue these habeas claims, he must file an amended petition within 30 days. The amended petition must be signed. The Court cautions Lopez that an amended petition will supersede and replace the original petition, so he must include all applicable grounds for relief in the amended petition. **If Lopez fails to timely file an amended petition, the Court will dismiss this action for want of prosecution without further notice.** Additionally, because Arana lacks standing to seek relief on behalf of Lopez, the Court denies the emergency motion for immediate release or

---

[2] Arana mailed the pleading to the Clerk's Office and did not register for electronic filing, but electronic access for non-lawyer individuals is prohibited in this type of case. Although Arana lives in Dallas, Texas, within the Northern District of Texas, her residence is more than 250 miles from the Courthouse in San Angelo. So even if Arana could legally represent the petitioner—which she cannot—from a practical perspective it would be difficult for her to prosecute this case.

expedited review without prejudice to Lopez's right to seek relief in his own name. Dkt. No. 2.

The Clerk is directed to mail a copy of this order to Arana. But she will not receive any further notice of the proceedings here. The Clerk is also directed to mail Petitioner Leannder Alexis Alfonzo Lopez a copy of the original petition filed here, Dkt. No. 1 and a blank Section 2241 form marked, "amended" and stamped with this cause number.

Dated January 23, 2026.

JAMES WESLEY HENDRIX
United States District Judge